Costancio Restauro BOLO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–74003.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Oct. 23, 2006.

Benjamin V. Chen, Benjamin V. Chen, AAL, LLLC, Honolulu, HI, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Director, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Costancio Restauro Bolo, native and citizen of the Philippines, petitions for review of a Board of Immigration Appeals ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for a waiver of inadmissibility under § 212(c) of the former Immigration and Naturalization Act ("INA"). Bolo was placed in removal proceedings after he was convicted in 1994 under Hawaii Revised Statute § 707–732(1)(b) for third-degree sexual assault of a minor under the age of fourteen. The IJ found that the offense constituted a "crime of moral turpitude" and that it qualified as an aggravated felony under INA § 101(a)(43)(A). After weighing the testimony of Bolo's family and friends, the IJ denied discretionary waiver of inadmissibility under INA § 212(c), specifically commenting upon the fact that Bolo refused to admit the wrongfulness of his actions.

On appeal, Bolo asks that we revisit the IJ's denial of his application for a waiver of inadmissibility and grant relief. However,

we lack jurisdiction to review this exercise of the IJ's discretion. *See* 8 U.S.C. § 1252(a)(2)(B).

Bolo also alleges that the IJ and BIA violated his constitutional right to due process. Under the REAL ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, we are no longer barred from hearing constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Nevertheless, Bolo failed to exhaust his procedural due process claims on direct appeal to the BIA, and we are therefore precluded from reaching the merits. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). The petition for review is **DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

